# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| ANN MARIE ADDISON, | : | |
| Plaintiff, | : | |
| vs. | : | CA 13-0192-KD-C |
| CAROLYN W. COLVIN,<br>Commissioner of Social Security, | : | |
| | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This cause is before the undersigned for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the complaint (Doc. 1) and plaintiff's motion to withdraw appeal (Doc. 18 ("Plaintiff herewith informs the Court she wishes to withdraw her appeal.")). The undersigned construes plaintiff's motion to withdraw appeal (Doc. 18) as a motion seeking voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and recommends that the motion be **GRANTED**.

Rule 41(a)(2) of the Federal Rules of Civil Procedure reads, in relevant part, as follows: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id*. While "[a] dismissal under Rule 41(a)(2) is generally without prejudice[,]" this Court "has the power to specify otherwise." *Druhan v. American Mut. Life*, 166 F.3d 1324, 1325 n.3 (11th Cir. 1999) (citation omitted).

In light of plaintiff's present motion, which has been construed as a voluntary motion to dismiss, the undersigned recommends that the Court **DISMISS** plaintiff's complaint pursuant to Fed.R.Civ.P. 41(a)(2); however, the plaintiff is placed on notice that this Court cannot specifically state that the dismissal is without prejudice in light of the statutory requirement that a claimant commence a civil action seeking review of a final decision of the Commissioner of Social Security "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The United States Supreme Court has concluded that the 60-day requirement set out in § 405(g) is not jurisdictional, but rather is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478-480, 106 S.Ct. 2022, 2029-2030, 90 L.Ed.2d 462 (1986). While the plaintiff in this case clearly commenced her action within 60 days of the Commissioner's final decision (*see* Doc. 1), the effect of allowing her to now dismiss this action may subject any subsequent complaint filed by plaintiff to a statute of limitations defense. Accordingly, while the undersigned, as aforesaid, recommends that the Court **GRANT** plaintiff's motion to voluntarily dismiss this action (*see* Doc. 18), the Magistrate Judge need take the position that such dismissal may indeed result in prejudice to the plaintiff in the future.

## CONCLUSION

It is recommended that the plaintiff's motion to withdraw appeal (Doc. 18), construed as a Rule 41(a)(2) motion to dismiss, be **GRANTED** and that this action be **DISMISSED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 28th day of August, 2013.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**